| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Reginald Jenkins, Jr., Esq.<br>FLORIO PERRUCCI STEINHARDT & FADER, LLC<br>218 Route 17N, Suite 410<br>Rochelle Park, New Jersey 07662<br>(201) 843-5858 phone<br>(201) 843-5877 fax<br>RJenkins@fpsflawfirm.com<br>Attorneys for Plaintiff, PKF-Mark III, Inc. | |
| In Re:<br><br>GRIFFIN SIGN, INC.,<br><br>        Debtor. | Case No.: 15-29780-JNP<br><br>Chapter 11<br><br>Judge Hon. Jerrold N. Poslusny, Jr.<br><br>Adv. Pro. No.:  16-01632-JNP<br><br>Hearing Date:  June 6, 2017 at 2:00 p.m. |
| PKF-Mark, III, Inc.<br>        Plaintiff,<br>v.<br>GRIFFIN SIGN, INC.,<br>        Defendant. | |

**CERTIFICATION OF COUNSEL IN SUPPORT OF PLAINTIFF, PKF-MARK III, INC.'S MOTION TO STRIKE DEBTOR/DEFENDANT'S ANSWER AND COUNTERCLAIM FOR FAILURE TO COMPLY WITH THE COURT'S DISCOVERY ORDER**

  I, Reginald Jenkins, Jr., of full age, hereby certifies as follows:

  1. I am an attorney-at-law of the State of New Jersey and a partner with the firm Florio, Perrucci, Steinhardt, & Fader, LLC, attorneys for Plaintiff, PKF-Mark, III, Inc. ("PKF"). As such, I am fully familiar with the facts related to this matter.

  2. I submit this Certification in support of the PKF's motion for an Order dismissing Counterclaim of debtor/defendant Griffin Signs, Inc. ("Griffin") and awarding PKF its

{00467189.DOCX }

reasonable expenses, including attorney fees, and/or other such other relief as the Court may deem appropriate, resulting from Griffin's repeated failure to comply with the Court's discovery Orders and to produce needed responses to PKF's discovery demands. Defendant, Griffin Sign, Inc. ("Griffin") to produce its Rule 26(a) initial disclosures.

3. Griffin filed a Voluntary Petition (the "Petition") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code") on October 21 2015 (the "Petition Date"). The present matter rises out of a construction contract, whereby Griffin as subcontractor, was to perform certain work on a New Jersey Department of Transportation roadway project. The initial contract amount was $3,951,708.50.

4. PKF commenced the present adversary proceeding on August 9, 2016. Through its adversary proceeding PKF seeks declaratory and injunctive relief declaring that certain construction materials and related documentation paid for in full are not the property of the Griffin Bankruptcy estate and must therefore be immediately turned over to PKF.

5. Griffin, in turn filed a counter-claim claiming, inter alia that the contract amount had increased to $4,071,690.06 and sought compensation (a) for damages in excess of $100,000.00 arising out of physical damage allegedly done by PKF to the company's drill rig, as well as (b) for sums in excess of $350,00.00 allegedly due and unpaid for work performed. PKF denies Griffin's allegations.

6. A Joint Scheduling Order was entered in the matter on November 14, 2016 Dkt. No. 8 (the "Joint Scheduling Order"), pursuant to which the discovery end date in the case was scheduled for March 31, 2017.

7. PKF served Griffin with its Demand for Production of Documents and Interrogatories in December 2016.

8.     Griffin served PKF with no discovery requests.

9.     Due to Griffin's failure to provide responses to PKF's discovery requests and its failure to provide its initial disclosures, PKF filed its motion to compel, which motion the Court granted by Order dated March 21, 2017, Docket No. 12.

10.     Pursuant to the Court's Order, Griffin's was to provided its Initial Disclosures, and responses to PKF's discovery demands within ten (10) days if the Order, i.e. by March 31, 2017. The discovery end date was re-scheduled to June 2, 2017.

11.     Despite the Court's Order, Griffin did not produce its responses nor its Initial Disclosures by the March 31 date. See **Exhibit A**.

12.     Counsel for Griffin and I subsequently corresponded by email and I informally consented to Griffin providing its response by Tuesday April 11 based upon counsel's request.

13.     Griffin, however, provided its partial responses two weeks thereafter, on April 21st.

14.     Griffin's response was incomplete. It included its initial disclosures and reply to the document demand. It did not include its written responses to Interrogatories.

15.     Griffin's response to the document demand consisted of two binders of documents consisting of a total of over 1600 pages. Each of Griffin's written responses to the Document Demand merely referred to the entirety of the voluminous package, and without designating which documents or sets of documents were responsive each of enumerated documents demand. See **Exhibit B**. Moreover of the ten (10) CD which contained copies of the submitted documents for supposed ease of access and copying, three (3) were missing and, despite request, have not been located or provided.

16.     It is the absence of the Griffin's responses to Interrogatories that is most

troublesome and prejudicial to PKF's efforts.

17. This action stems from contract for construction and roadway work. PKF as contractor and Griffin as subcontractor entered into a written contract dated April 10, 2013, Subcontract number 249-SC-004. Under the Contract, Griffin was required to furnish certain work, labor, materials, equipment and/or services, including, *inter alia*, the manufacture and installation of beam guide rail and guide rail end terminals, regulatory signs, roadway safety features, construction of berm surfacing, grading and assorted earthwork in connection with the State of New Jersey Department of Transportation's ("NJDOT") project for the Route 295/42/I-76 direct Connection (the "Project").

18. Aside from Griffin's bald allegations, PKF is without the necessary information to fully evaluate or respond to Griffin's counterclaim allegations. The information sought as to Griffin's claims are all or substantially within the exclusive possession and control of Griffin. The responses to Interrogatories are vital to deciphering how Griffin believes it has been harmed as well as understanding the defenses and affirmative defenses it has interposed. Particularly as Griffin has failed to designate which of the multitude of produced documents it believes supports its claims, it is unnecessarily and unduly burdensome for PKF to attempt to recreate Griffin's argument for it. Thus, Griffin's responses to PKF's Interrogatories are crucial for PKF to be able to prosecute its direct case, and respond to Griffin's defenses, affirmative defenses and counterclaim including, but not limited to: fully evaluating Griffin's allegations, completing discovery, taking depositions, preparing dispositive motions, providing necessary documents to PKF's expert witness, taking the depositions of expert witnesses, and preparing for trial.

19. Because of Griffin's failure to fully respond and meet its discovery obligations under the Joint Scheduling Order and the Court's subsequent March 31st Order compelling

Griffin's discovery responses, it is PKF that finds itself prejudiced; as the discovery deadline is fast approaching it is still largely in the dark as to the specifics of Griffin's position and claims.

20. Due to Griffin's non-compliance with the Rules of Court and the above request, PKF is unable to obtain Griffin's discovery responses, which are critical to this action.

21. I have attempted to amicably resolve the discovery issues which are the subject matter of this motion, before seeking the Court's intervention. Following attempts to resolve the matter through a series of emails I made a final demand that the outstanding discovery be provided by May 5th. See **Exhibit C**. I received no reply to my letter whatsoever.

22. PKF is not in default of any discovery obligations owed to Griffin. PKF has in fact made its initial disclosures to Griffin. Moreover, Griffin has not served PKF with any discovery demands whatsoever.

23. Rule 37 permits a party to move for an Order imposing sanctions for a partie's failure to provide discovery responses under Rule 33 and Rule 34. Bankruptcy Rule 7037 applies Rule 37 to Adversary proceedings. Rule 37 (b)(2)(A) provides certain remedies in response to a party's failure to meet its discovery obligations and failing to obey a discovery orders as follows:

> If a party or a party's officer, director, or managing agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)-fails to obey an order to provide or permit discovery, including and order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters of evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

24. Given Griffin's noncompliance as set forth above, PKF respectfully requests that the Court enter an Order striking Griffin's Answer and Counterclaim. Of the above-enumerated options allowed by Rule 37, PKF submits that the striking of Griffin's pleading is the appropriate remedy given this late date in the case and ample opportunity for Griffin to have complied.

25. In the event that the Court deems another remedy appropriate, we respectfully request that at the very least an appropriate extension of time be provided to the case scheduling dates so as not to render any additional prejudice to PKF as a result of Griffin's delay and failure to respond.

26. PKF has incurred expenses and attorney fees in the sum of $1435.00 representing 4.1 hours spent in research and the preparation of the instant motion, inclusive of reviewing and confirming each of the respective dates of communication with Griffin's counsel and the drafting of the motion pleadings. At a rate of $350.00 per hour, PKF submits that the fees incurred are reasonable.

27. I certify that the statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: May 10, 2017     */s/ Reginald Jenkins, Jr.*
Reginald Jenkins, Jr., Esq.
Florio Perrucci Steinhardt & Fader, LLC
218 Rt 17N, Ste 410
Rochelle Park, New Jersey 07662
*Attorneys for Plaintiff*