# Exhibit A

# FPSF FLORIO PERRUCCI STEINHARDT & FADER LLC

Attorneys at Law
218 Rt. 17 North - Suite 410 - Rochelle Park - New Jersey 07662

From the Desk of:
**Reginald Jenkins, Jr., Esq.**
(201) 843-5858
rjenkins@fpslawfirm.com

March 31, 2017

**VIA EMAIL/REGULAR MAIL**
Peter Leyh, Esq.
Braverman Kaskey, PC
One Liberty Place, 56th floor
Philadelphia, PA 19103
Pleyh@braverlaw.com

  RE: **PKF Mark III, Inc. v. Griffin Signs, Inc.**
     **Adv. Pro. No.: 16-01632**

Dear Mr. Leyh:

As you are aware, this office represents the plaintiff, PKF Mark III, Inc. with regard to the above-referenced matter.

Please be advised that, as of today we have not received Griffin's discovery responses and Rule 26 disclosures as directed by Judge Jerrold N. Poslusny, Jr. Order dated March 21, 2017.

           Very truly yours,
           FLORIO PERRUCCI STEINHARDT & FADER LLC

           By: _____
             Reginald Jenkins, Jr.

RJ:sl
cc: Tom Isenberg, PKF- Mark III, Inc.

---

**Rochelle Park Office**
218 Rt. 17N, Suite 410
Rochelle Park, NJ 07662
(201) 843-5858 phone
(201) 843-5877 fax

**Phillipsburg Office**
235 Broubalow Way
Phillipsburg, NJ 08865
(908) 454-8300 phone
(908) 454-5827 fax

**Bethlehem Office**
60 W Broad St., Suite 102
Bethlehem, PA 18018
(610) 691-7900 phone
(610) 691-0841 fax

**Cherry Hill Office**
1010 Kings Highway South
Building 2
Cherry Hill, NJ 08034
(856) 853-5530 phone
(856) 354-8318 fax

**New York Office**
80 Wall Street
Suite 815
New York, NY 10005
(212) 792-9070 phone

www.fpslawfirm.com

# Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. L.B.R. 9004-2(c)U**

**BRAVERMAN KASKEY P.C.**
David L. Braverman, Esq.
John E. Kaskey, Esq.
Peter J. Leyh, Esq.
One Liberty Place-56th Floor
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
braver@braverlaw.com
jkaskey@braverlaw.com
pleyh@braverlaw.com

In Re: Griffin Sign, Inc.

　　　　　Debtor

PKF-Mark, III, Inc.

v.

Griffin Sign, Inc.

Case No.: 15-29780-JNP

**Chapter 11**

**Judge Hon. Jerrold N. Poslusny, Jr.**

Adv. Pro. No.: 16-01632

### GRIFFIN SIGN, INC.'S RESPONSES TO PKF-MARK III, INC.'S DEMAND FOR PRODUCTION OF DOCUMENTS

Griffin Signs, Inc. ("Griffin"), through its undersigned counsel, responds to the First Request for Production of Documents (the "Request") propounded by PKF-MARK III, Inc. ("PKF"), as follows:

#### CONDITIONS

A.　　Griffin has conducted a reasonable search and inquiry in response to the Requests, but has not completed its search, inquiry and/or investigation of the facts of this case, its discovery in this action, or its preparation for trial. Any

documents provided in response to these Requests are based upon information known to Griffin as of the date of this response. The following responses are given without prejudice to Griffin's right to rely upon information, contentions or documents which are subsequently discovered or facts which may be later developed recalled or obtained from further investigation.

B.   Griffin's investigation and discovery in preparation for trial has not been completed. Additional investigation may disclose further facts and information relevant to these responses, as could information obtained from Griffin or third parties through additional discovery procedures. Therefore, Griffin reserves the right at any time to alter, amend, supplement, modify, or otherwise revise these responses if such alterations, amendments, supplements, modifications or revisions become appropriate or warranted, without acknowledging a duty to do so other than as set forth in the Federal Rules of Civil Procedure.

C.   Griffin's written responses to the Requests should not be deemed an admission that the Requests or the responses are relevant to this case or admissible in evidence in this case. The fact that Griffin has responded to a Request does not imply or admit that it accepts the existence of any facts stated or assumed by such Request, that any documents purportedly responsive to the request exist, or that the documents produced constitute relevant, material or admissible evidence. The fact that Griffin has provided documents in response to part or all of any Request is not intended and shall not be construed to be a waiver of all or part of any objection to any individual Request.

D.   Griffin further reserves the right to make use of, or introduce at any hearing or at trial, information and/or documents responsive to the Requests but discovered subsequent to the date of these written responses. Griffin reserves all objections as to the competency, relevance, materiality, privilege, or admissibility of their responses and any document or thing identified in these written responses.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Griffin objects to the definitions and instructions included with the requests for production to the extent that they are vague and ambiguous and/or require the production of documents protected from discovery by the attorney-client privilege, work product doctrine, or any other privilege against disclosure and/or exceed the scope of permissible discovery provided for by applicable rules of court.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.   All documents that support the allegations set forth in Paragraph 1 of your Counterclaim that the Contract was subsequently increased by authorized requests and change orders to $4,071,690.06.

2

Response to Request No. 1. Griffin objects to this Request on the grounds that it is overbroad and unduly burdensome. Griffin further objects on the grounds that this Request seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense. Subject to and without waiver of the forgoing objections, Griffin is producing copies of its Project Binders (One and Two), as they were kept in the ordinary course of Griffin's business. No responsive documents are being withheld.

2. All documents that support the allegations set forth in Paragraph 2 of your Counterclaim that between approximately September 2013 and December 2014 Griffin performed the Work, and provided labor, equipment, services and materials to the Project, in a professional and workmanlike manner in accordance with the Contract.

Response to Request No. 2. Griffin objects to this Request on the grounds that it is overbroad and unduly burdensome. Griffin further objects on the grounds that this Request seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense. Documents concerning work, labor, equipment, services and materials furnished by Griffin at the request of PKF for which PKF has paid, which are not at issue, are not relevant. Subject to and without waiver of the forgoing objections, Griffin is producing copies of its Project Binders (One and Two), as they were kept in the ordinary course of Griffin's business. No responsive documents are being withheld.

3. All documents that support the allegations set forth in Paragraph 3 of your Counterclaim that Griffin duly performed the Work in accordance with the Contract until in or about January 2015.

Response to Request No. 3. See response to request no. 2, above.

4. All documents that support the allegations set forth in Paragraph 4 of your Counterclaim that shows that as of January 2015, there was a balance due and owing to Griffin from PKF in the amount of $310,148.30 (not including retainage).

Response to Request No. 4. Griffin objects to this Request on the grounds that it is overbroad and unduly burdensome. Griffin further objects on the grounds that this Request seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense. Subject to and without waiver of the forgoing objections, Griffin is producing copies of its Project Binders (One and Two), as they were kept in the ordinary course of Griffin's business. No responsive documents are being withheld.

5. A copy of all invoices and requests for payment by Griffin to PKF.

Response to Request No. 5. All invoices and requests for payment are being produced as part of Griffin's Project Binders.

3

6.  All documents that support the allegations set forth in Paragraph 7 of your Counterclaim that PKF unlawfully asserted possession and control over Griffin's Drill Rig, and refused to permit Griffin to remove it from the job site.

Response to Request No. 6. Griffin objects to this Request on the grounds that it is overbroad and unduly burdensome. Griffin further objects on the grounds that this Request seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense. Subject to and without waiver of the forgoing objections, see documents produced with Griffin's self-executing disclosures. In addition, Griffin continues to search for responsive documents, which they will provide in a supplementary production when located.

7.  All documents that support the allegations set forth in Paragraph 8 of your Counterclaim that PKF hi-jacked and used the equipment to drill foundation holes at the job site, without Griffin's permission or consent.

Response to Request No. 7. See response to request no. 6, above.

8.  All documents that support the allegations set forth in Paragraph 8 of your Counterclaim that PKF caused approximately $100,000.00 damage to the drill rig by its negligent and improper usage thereof.

Response to Request No. 8. See response to request no. 6, above.

9.  All documents that support the allegations set forth in Paragraph 9 of your counterclaim that PKF unlawfully held the Drill Rig hostage in an attempt to extort Griffin to turn over certain anchor bolts, and to execute and deliver certain guide rail certifications of compliance.

Response to Request No. 9. See response to request no. 6, above.

10. All documents that support the allegations set forth in Paragraph 11 of your Counterclaim that there is a remaining balance of approximately $310,148.30, plus $41,161.29 that PKF withheld as retainage, that is due and owing to Griffin from PKF for the work, labor, equipment, services, time and materials furnished by Griffin pursuant to the to the Contract.

Response to Request No. 10. See response to request no. 4, above.

11. All documents that support the allegations set forth in Paragraph 13 of your Counterclaim that Griffin has incurred substantial damages as a result of the increase to the cost of Griffin's performance under the Contract due to conditions and circumstances beyond its control primarily if not exclusively as a result of the actions of PKF, for which Griffin submitted claims to PKF during the course of its work on the Project and is entitled to compensation. Theses damages total approximately $100,000.00. No responsive documents are being withheld.

Response to Request No. 11. Griffin objects to this Request on the grounds that it is overbroad and unduly burdensome. Griffin further objects on the grounds that this Request seeks documents not reasonably calculated to lead to the

4

discovery of evidence relevant to any claim or defense. Subject to and without waiver of the forgoing objections, Griffin is producing copies of its Project Binders (One and Two), as they were kept in the ordinary course of Griffin's business.

    12.    All documents that support the allegations set for the in Paragraph 14 of your Counterclaim that despite Griffin's requests for payment of what it is owed, PKF has failed and refused to pay Griffin.

Response to Request No. 12. See response to request no. 4, above.

    13.    All documents that support the allegations set forth in Paragraph 19 of your Counterclaim that the quantum meruit value of the unpaid work, labor, equipment, services, time and materials furnished by Griffin to PKF, for which PKF has failed and/or refused to compensate Griffin, is the amount of approximately $351,309.59, plus the increase to the cost of Griffin's performance.

Response to Request No. 13. See response to request no. 4, above.

    14.    All documents that support the allegations set forth in Paragraph 26 of your Counterclaim that at all material times, the Drill Rig belonged to and was the lawful property of Griffin, and Griffin had the immediate right to possession thereof.

Response to Request No. 14. See response to request no. 6, above.

    15.    All documents that support the allegations set for the in Paragraph 28 of your Counterclaim in PKF's conversion and unlawful, unauthorized use of Griffin's Drill Rig has caused Griffin substantial damages.

Response to Request No. 15. See response to request no. 6, above.

    16.    All maintenance records for the Drill Rig from the date of Griffin's acquisition of the Drill Rig through December 31, 2015.

Response to Request No. 16. See response to request no. 6, above.

    17.    Copies of all invoices for maintenance and repair work to the Drill Rig from Griffin's acquisition of the Drill Rig through December 31, 2015.

Response to Request No. 17. See response to request no. 6, above.

    18.    All documents, correspondence and pleadings by and between Griffin and Susquehanna Bank regarding or relating in any way to the Drill Rig.

Response to Request No. 18. See response to request no. 6, above.

    19.    All other documents which Griffin intends to rely upon at the time of Trial.

Response to Request No. 19. Griffin has not yet determined all other documents that it will rely upon at trial. Griffin will identify all trial exhibits as required by the Court's scheduling order.

Dated: 4/20/17                  **BRAVERMAN KASKEY, P.C.**

                             BY:          /S/ PJL
                                      David L Braverman, Esquire
                                      John E. Kaskey, Esq.
                                      Peter J. Leyh, Esquire
                                      One Liberty Place, 56th Floor
                                      Philadelphia, PA 19103

                                      Counsel for Debtor/Plaintiff

# Exhibit C

# FPSF FLORIO PERRUCCI STEINHARDT & FADER LLC

Attorneys at Law
218 Rt. 17 North - Suite 410 - Rochelle Park - New Jersey 07662

From the Desk of:
Reginald Jenkins, Jr., Esq.
(201) 843-5858
rjenkins@fpsflawfirm.com

April 28, 2017

**VIA EMAIL**
Peter Leyh, Esq.
Braverman Kaskey, PC
One Liberty Place, 56th floor
Philadelphia, PA 19103
Pleyh@braverlaw.com

RE: PKF Mark III, Inc. v. Griffin Signs, Inc.
Adv. Pro. No.: 16-01632-JNP

Dear Mr. Leyh:

I still have not received Griffin's responses to PKF's Interrogatories. They are now almost a month overdue from the Court's March 31st production deadline and well passed the dates Griffin has otherwise promised. This delay is seriously and adversely impacting PKF's ability to evaluate and reply to Griffin's counterclaims as well as to prosecute its case in chief. Accordingly, we hereby demand that same be produced no later than the end of business Friday May 5th. Failing this, PKF may take such further and formal steps as may be necessary to protect its rights in this matter.

Very truly yours,

FLORIO PERRUCCI STEINHARDT & FADER LLC

REGINALD JENKINS, JR.

RJ:sl

| Rochelle Park Office | Phillipsburg Office | Bethlehem Office | Cherry Hill Office | New York Office |
|---|---|---|---|---|
| 218 Rt. 17N, Suite 410 | 235 Broubalow Way | 60 W Broad St., Suite 102 | 1010 Kings Highway South Building 2 | 80 Wall Street Suite 815 |
| Rochelle Park, NJ 07662 | Phillipsburg, NJ 08865 | Bethlehem, PA 18018 | Cherry Hill, NJ 08034 | New York, NY 10005 |
| (201) 843-5858 phone | (908) 454-8300 phone | (610) 691-7900 phone | (856) 853-5530 phone | (212) 792-9070 phone |
| (201) 843-5877 fax | (908) 454-5827 fax | (610) 691-0841 fax | (856) 354-8318 fax | |

www.fpsflawfirm.com